■ In the Matter of the Claim of TRESSIE M. MOSES, on Behalf of Herself and Minor Children, Respondent, against STEEL DRUM COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits in a heart case, appellants controverting the finding of accident. The board found that, due to the "unusual exertion,

strain and effort" of his work as a laborer, decedent sustained accidental injuries in the nature of a cardiac standstill and congestive heart failure which, superimposed upon a pre-existing hypertensive heart disease, caused his death. There was substantial medical evidence linking the heart attack to decedent's work on the day of his death. In the morning he and a coemployee unloaded from a truck some 50 to 60 steel drums weighing 50 to 52 pounds each. Then, for about two hours, he removed broken concrete flooring and with a pick and shovel excavated a hole into which he then helped to move a heavy machine. After his lunch hour he loaded broken concrete into a wheelbarrow and shortly after he had wheeled it away collapsed and died. We believe that the board was warranted in finding this work sufficiently arduous to meet the test imposed in *Matter of Burris* v. *Lewis* (2 N Y 2d 323, 326) of exertion greater than "the ordinary wear and tear of life". That this was not a case in which (as in *Burris*) death could have occurred at that time from the mere progress of the disease under the ordinary exertions of daily life, is evident from the medical testimony that if decedent "didn't do heavy work he might have gone along maybe five or six years" but that if "he continued to do heavy work he might have gone another two or three weeks." The case for accidental causation seems strengthened by the fact that before commencing work on the day of his death decedent had a pre-employment physical examination and was found by the employer's doctor to be "in good physical condition". Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.